Reese, J.
delivered the opinion of the court.
This is an action for a trespass, assault, battery and wounding, by the defendant, upon the body of the plaintiff. Among other pleas in bar the defendant pleaded, that, before the commencement of the action, a bill of indictment was filed and found against him for a statutory felony, arising from the same transaction which constitutes the foundation of this suit, charging him with unlawfully, wilfully, and maliciously assaulting the person of the plaintiff, and wounding him by stabbing, &c.; and the plea alleges that the indictment is still depending and undetermined. The plaintiff demurred to this plea, and the defendant joined in the demurrer, which the circuit court, upon argument, overruled, and held the plea to be good in law to bar the plaintiff’s action, and gave judgment for the defendant; from which judgment, the plaintiff has prosecuted his appeal in error to this court.
The general question raised by the record is, whether, in this State, the civil1 injury is merged in the felony, so- that no action can be maintained-for it? We have no reported case upon the subject; yet the question does not come before this court for the first time to be decided. I learn .from my brother Green, that a case identical in its circumstances, and in th@4&g&l question involved, with the case before us, came before the supreme court sitting at Centreville, and consist *434 ing at the time of Chief Justice Catron, and Justices White, Green and Peck; and the court, upon full argument and discussion, unanimously determined that the remedy for the civil injury exists, notwithstanding the felony, and does not merge in the felony so as to prevent the injured party from maintaining his action. If this case had been reported, we should not have regarded the question as open for debate. The extent to which the doctrine of merger in such cases exists in England, and the reasons upon which it is founded, seem not to be free from doubt. In the case of Gibson, et al. vs. Minot, et al., in the House of Lords, it was said by several of the judges, in giving their opinions arguendo, that it is against the policy of the law to permit a party, who has suffered by the crime of another, to seek a remedy by a civil action; because he would be less ready to prosecute. With regard to this reason, Chief Justice Parker, in the case of Boardman vs. Gore, et al., 15 Mass. Rep. 337, remarks, that, in his opinion, it is limited, in England, to the cases of robberies and larcenies, which by the common law were felonies, and that the civil action was prohibited, lest it should be, in effect, like a composition with a felon, the injured party being willing to reimburse himself, and careless of the general interest, which requires the public punishment of the offender; and from this reason, he supposes, proceeded, the stat. 21st, H. 8., which, on conviction in such cases, gives a compensation to the injured party.
This learned Judge also suggests that the doctrine in England may have arisen from the fact, that, by the common law, the lands and goods of a felon were forfeited to the. crown, and death was the punishment for a felony. Now, to give an action, where the body could not be taken in execution, and where all the lands and effects belonged to the King, would be entirely fruitless. No such reason, he adds, exists with us. There is no forfeiture of lands or goods on conviction of crimes; nor, in general, are felonies punished with death. And, in the same case, it is said, that whatever may have been the reason on which the common law doctrine was founded, it is plain that the reason has ceased with' us, and cessante ratione, eessat ipsa lex. The view which *435 was taken of this question in Massachusetts, has been maintained in several of the States. We think it is founded on just and strong reasons, which have heretofore, as we have stated, commended themselves to the adoption of our former supreme court. They meet our entire approbation. It is not just, or founded on any grounds of reason or public policy now existing among us, that the property and estate of a criminal, to which the public on account of the crime has no title, should yet be exempt from the claim of the injured individual, upon the express ground that the injury inflicted upon him is enormous and amounts also to a felonious crime against the State; while, if the injury and the crime had been less, the civil remedy of the injured individual would have been ample.
Let the judgment of the circuit court be reversed, and the demurrer be sustained, and the cause be remanded for further proceedings.